United States District Court
Southern District of Texas

**ENTERED**

July 17, 2017

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JUAN CARLOS GARCIA-MORQUECHO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:17-84** |
| | § | **Criminal No. B:15-771-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 17, 2017, Petitioner Jose Carlos Garcia-Morquecho filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be dismissed as untimely filed, or alternatively, denied as meritless.

## I. Procedural and Factual Background

On August 25, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Garcia-Morquecho for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Garcia-Morquecho, Criminal No. 1:15-771-1, Dkt. No. 6 (hereinafter "CR").

### A. Re-Arraignment

On October 19, 2015, Garcia-Morquecho appeared before the Magistrate Judge and

---

[1] While the indictment also alleged that Garcia-Morquecho had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 12.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Garcia-Morquecho's guilty plea. CR Dkt. No. 12.

On November 13, 2015, the District Judge adopted the report and recommendation, accepting Garcia-Morquecho's plea of guilty. CR Dkt. No. 14.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Garcia-Morquecho was assessed a base offense level of eight. CR Dkt. No. 16, pp. 4-5.  He was also assessed a 16-level enhancement for a prior conviction for drug trafficking – a 2013 state conviction for delivery of a controlled substance. Id.  He was afforded a three-level reduction for acceptance of responsibility. Id.  Thus, Garcia-Morquecho was assessed a total offense level of 21. Id.

Regarding his criminal history, Garcia-Morquecho had fourteen adult criminal convictions and was assessed five criminal history points. CR Dkt. No. 16, p. 6-10.  He was assessed an additional two criminal history points because he was on state parole at the time he committed the instant offense. Id.  Thus, he was assessed seven total criminal history points, resulting in a criminal history category of IV.  An offense level of 21 and criminal history category of IV, produced a sentencing guideline imprisonment range of 57 to 71 months.

On January 25, 2016, the Court sentenced Garcia-Morquecho to 47 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 22.  The Court gave Garcia-Morquecho a non-guidelines sentence because it was his first immigration conviction. CR Dkt. No. 23.  The judgment was entered on February 19, 2016. CR Dkt. No. 22.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Garcia-Morquecho's deadline for filing a notice of direct appeal passed on March 4, 2016. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

2

On April 17, 2017, Garcia-Morquecho filed a motion that he repeatedly labeled as an "appeal." Dkt. No. 1.  The motion argued that Garcia-Morquecho's counsel was ineffective and that his sentence was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Id.

On that same day, the Court issued an order, noting that the only vehicle for the relief sought by Garcia-Morquecho would be a petition pursuant to 28 U.S.C. § 2255. Dkt. No. 4. Pursuant to Castro v. U.S., 540 U.S. 375 (2003), the Court warned Garcia-Morquecho that this § 2255 petition would likely be his only chance to collaterally attack his conviction or sentence. Dkt. No. 4.  The Court ordered that, "if Garcia-Morquecho wishes to pursue a petition pursuant to 28 U.S.C. § 2255, he shall amend the petition to include any and all claims that he believes to be meritorious." Id.

On June 26, 2017, Garcia-Morquecho filed an amended motion pursuant to 28 U.S.C. § 2255. Dkt. Nos. 8, 9, 10.  Garcia-Morquecho raises three claims: (1) his sentence was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a); (2) "the district court erred by determining that Garcia-Morquecho's prior conviction for a felony should have been charged as an 'element' of his illegal re-entry offense;" and, (3) his attorney "did not represent him adequately in his case." Dkt. No. 10.[2]

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Garcia-Morquecho seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  That section provides, as relevant here:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

[2]  Garcia-Morquecho requested oral arguments in this case. Dkt. Nos. 9, 10.  Because the record of this case clearly shows that Garcia-Morquecho is not entitled to relief, he is not entitled to oral argument or an evidentiary hearing. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.  To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." Bartholomew, 974 F.2d at 41.  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Garcia-Morquecho's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Timeliness**

Garcia-Morquecho's § 2255 motion is untimely filed and should be dismissed for that reason.

Judgement in this case was entered on February 19, 2016. CR Dkt. No. 22.  On March 4, 2016, Garcia-Morquecho's deadline to file a notice of direct appeal expired. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Garcia-Morquecho's conviction became final on that date. U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1).  Thus, Garcia-Morquecho had until March 4, 2017, to timely file his § 2255 petition.

Garcia-Morquecho certifies that he placed his motion into the prison mail system on April 10, 2017. Dkt. No. 1, p. 7.  Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988).  Accordingly, after taking into account the prison mailbox rule, Garcia-Morquecho's § 2255 motion was over a month late.

Furthermore, there is no basis in the record for equitable tolling.  Garcia-Morquecho states that he filed his petition late "because I did not [know] that I could appeal, but an inmate told me that I can still do it." Dkt. No. 8, p. 10.  Lack of knowledge of filing deadlines is not a basis for equitable tolling. Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Accordingly, Garcia-Morquecho's petition should be dismissed as untimely filed.  Even if the petition is considered on its merits, it fares no better and should be denied.

## B. Reasonableness of Sentence

Garcia-Morquecho asserts that his sentence was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a).  This claim should be denied.

Garcia-Morquecho's sentence was 47 months – 10 months fewer than suggested by the guideline sentencing range of 57 to 71 months.  When the district court imposes a sentence below the guideline range, that sentence is entitled to a "rebuttable presumption of reasonableness." U.S. v. Cooks, 589 F.3d 173, 186 (5th Cir. 2009).  Garcia-Morquecho has provided no evidence to rebut that presumption.  Thus, his sentence was reasonable and this claim should be denied.

## C. Prior Conviction

Garcia-Morquecho argues that "a prior offense used to enhance a sentence under a statutory sentencing provision is not an element of the offense, and thus, not to be in the indictment or found by the jury beyond a reasonable doubt." Dkt. No. 9, pp. 6-7.  This language seems to imply that Garcia-Morquecho is arguing that the fact of the prior conviction cannot be taken into account in sentencing him for the instant offense, because it is neither an element of the offense, nor was it submitted to a jury.  This claim is meritless.

As the Court previously noted, the existence of the prior felony offense in a § 1326 case is not an element of the offense and its inclusion in the indictment is "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009) (unpubl.).  Moreover, the Supreme Court has "held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. U.S., 550 U.S. 192 (2007) (citing Almendarez-Torres

6

v. U.S., 523 U.S. 224 (1998)). Thus, there is no evidence in the record that the Court considered the prior felony to be an element of the offense or that, in fact, the prior conviction was required to be treated as an element of the instant offense. Moreover, Garcia-Morquecho pled guilty and no jury was involved in his plea or in arriving at his sentence. In short, the argument is unfounded and simply wrong.

Furthermore, the prior conviction merely increased the maximum sentence that Garcia-Morquecho could face. See 8 U.S.C. § 1326(b) (increasing the maximum sentence based on prior convictions). The Fifth Circuit has already ruled that the use of these prior convictions is a sentencing enhancement and does not violate the Double Jeopardy clause. U.S. v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993).

Accordingly, the arguments are meritless and the claim should be denied.

**D. Ineffective Assistance**

Garcia-Morquecho claims that his attorney "did not represent him adequately in his case," without specifying where his attorney failed him. Dkt. No. 10. This claim is conclusory and should be denied.

Garcia-Morquecho does not explain how his attorney was ineffective, but merely argues that if his attorney had done a better job, he "could have less time in his sentence." Garcia-Morquecho provides no evidence – of any sort – to support this conclusory allegation. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)). In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

The only possible argument raised by Garcia-Morquecho is that his attorney "did not investigate or develop information regarding his oppressive upbringing or that he is easily

angered."[3] Dkt. No. 9, p. 5. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." Cox v. Stephens, 602 F. App'x 141, 146 (5th Cir. 2015) (unpubl.) (quoting Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)). Garcia-Morquecho has not alleged, with any specificity whatsoever, what the investigation would have revealed or how it would have altered the outcome of his case. Indeed, his sentence – 10 months below the guideline sentencing range – speaks highly of his defense counsel, rather than indicate any failure on counsel's part.

Accordingly, his claim is conclusory and meritless and should be denied.

## IV.  Recommendation

Wherefore, it is recommended that the Petitioner Juan Carlos Garcia-Morquecho's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898

---

[3] Garcia-Morquecho has offered no explanation as to how being "easily angered" constitutes a mitigating factor at sentencing; nor is any obvious from the facts. Garcia-Morquecho has fourteen adult criminal convictions; such a history speaks volumes and could well have justified a sentence above, rather than below the guideline range, as the sentence was in this case.

(5th Cir. 2000).

      After reviewing Garcia-Morquecho's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Garcia-Morquecho's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

      The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on July 17, 2017.

Ronald G. Morgan
United States Magistrate Judge